FILED

13 JAN 23 AM 11: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Richard J. Kahdeman, SBN 141731
Kahdeman Frost
A Name Association of Independent Attorneys
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Phone: (805) 421-4500
Fax: (805) 456-2901
Rick.kahdeman@knflex.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV13-00472 DMG (JCGx)

| | |
|---|---|
| FAMILY, LIFE, FAITH AND FREEDOM EDUCATIONAL CORPORATION, D/B/A LITTLE OAKS SCHOOL, a California For-Profit Corporation, and CALVARY CHAPEL OF THOUSAND OAKS, INC., D/B/A CALVARY CHAPEL, a California Not-For Profit Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LYNDA SERRANO, an individual, and MARY ELLEN GUEVARRA, an individual, and EPPS, YONG & COULSON, LLP, a California Limited Liability Partnership, <br> Defendants. | Case No.: <br><br> COMPLAINT FOR DECLARATORY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF: <br> 1. **Violation Of The Free Exercise Clause Under The First Amendment To The United States Constitution;** <br><br> 2. **Violation Of The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution;** <br><br> 3. **Violation Of The Establishment Clause Of The First Amendment To The United States Constitution;** <br><br> 4. **Violation Of The Free Exercise Clause Of The California Constitution** |

Plaintiffs, Family, Life, Faith and Freedom Educational Corporation ("SCHOOL"), and

Calvary Chapel of Thousand Oaks, Inc. ("CALVARY"), by and through their undersigned

counsel, bring this Complaint and respectfully request this Court to issue a Declaratory

Judgment and Preliminary and Permanent Injunctive Relief against Defendants Lynda Serrano

1

Complaint

("Serrano"), Mary Ellen Guevarra ("Guevarra"), and Epps, Yong & Coulson, LLP ("Law Firm"), their agents, servants, representatives, and employees, and those acting in active concert with them and with actual notice thereof, from attempting to enforce the California Fair Employment and Housing Act ("FEHA") against the Plaintiffs and by doing so from acting in such a manner as to violate SCHOOL's and CALVARY's religious rights under the Free Exercise Clause, Establishment Clause, and Equal Protection Clause of the First and Fourteenth Amendments to the United States Constitution or to violate CALVARY's or SCHOOL's right to Free Exercise of Religion under the California Constitution.  CALVARY and SCHOOL also pray for declaratory judgment to declare Section 12940 (a) of the FEHA, facially and/or as applied, unconstitutional and unlawful.  CALVARY and SCHOOL also seek an award of nominal damages and reasonable costs and expenses of this action, including attorneys' fees.

An actual controversy exists between the parties involving substantial constitutional issues in that section 12940(a) of the FEHA, facially and/or as applied, violates the Free Exercise Clause, the Establishment Clause and the Equal Protection Clause of the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1964, and the Free Exercise Clause of the California Constitution on the grounds that it deprives SCHOOL and CALVARY of the power to decide for themselves, free from state interference, who they can select to preach their values, teach their message, and interpret their doctrines, both to their own membership and to the world at large.

## **INTRODUCTION AND NATURE OF THE CONTROVERSY**

1.      This case seeks to vindicate fundamental constitutional rights.  It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution

2

Complaint

and 42 U.S.C. § 1983, challenging Defendants' acts that, individually and collectively, deprived, and continue to deprive, Plaintiffs of their fundamental constitutional rights to freedom of religion.

2.     Plaintiffs seek a declaration that Defendants violated Plaintiffs' clearly established constitutional rights as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' attempt to enforce an unconstitutional statute as set forth in this Complaint; and a judgment awarding nominal damages against all Defendants.  Plaintiffs also seek an award of their reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

3.     SCHOOL is a private Christian school, wholly owned by CALVARY, and operated by CALVARY as a spiritual arm of the church.  Defendants have threatened SCHOOL with a lawsuit that Defendants claim will expose SCHOOL to millions of dollars in damages on the grounds that SCHOOL was not entitled to refuse to renew the contracts of Defendants Serrano and Guevarra because of Serrano's and Guevarra's refusal to meet SCHOOL's requirement that they provide a Pastoral reference letter and a statement of faith to demonstrate that Serrano and Guevarra shared the Christian values and precepts of the SCHOOL and CALVARY.  As the sole shareholder of SCHOOL, CALVARY is at risk due to exposure to liability under state law because of its status as the sole shareholder of SCHOOL. In other words, the Defendants claim SCHOOL wrongfully discriminated against the teachers on religious grounds.

4.     This action seeks relief due to the improper and wrongful substantial burden imposed upon the religious exercise rights of the Plaintiffs, and the unlawful and wrongful

Complaint

3

treatment of a religious assembly on less than equal terms with other religious assemblies, threatened against the Plaintiffs by the Defendants as part of a clear and purposeful plan to deprive Plaintiffs of their rights to the free exercise of religion and to be treated equally as the law treats other religious organizations in California, all in violation of the Plaintiffs' clearly established rights under the United States Constitution, federal statutory and common law, and the California Constitution.

5.   CALVARY and SCHOOL further allege that the Defendants threaten to substantially burden the Plaintiffs' free exercise of religion by unlawfully and wrongfully attempting to seek monetary liability and equitable relief against CALVARY and SCHOOL pursuant to Section 12940(a) of the California FEHA which will result in substantial burdens being placed upon CALVARY and SCHOOL which burdens will abridge CALVARY's and SCHOOL's fundamental constitutional rights and liberties.

6.   CALVARY and SCHOOL also seek equitable and injunctive relief in this action to vindicate and safeguard their constitutional, statutory, and common law rights including, but not limited to, their rights secured pursuant to the First and Fourteenth Amendments of the Constitution of the United States.

## JURISDICTION AND VENUE

7.   This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Article 1, Section 4 of the California Constitution.

8.   This Court has subject matter jurisdiction over CALVARY's and SCHOOL's federal law claims under 28 U.S.C. §§ 1331, 1343 and 2201-02. The Court has subject matter jurisdiction over CALVARY's and SCHOOL's state constitutional claim under 28 U.S.C. §

4

Complaint

1367.

9.      This Court is authorized to grant declaratory relief to CALVARY's and SCHOOL's claims under the Declaratory Judgment Act, 28 U.S.C. §§ 201-02, implemented through Federal Rule of Civil Procedure, 57.

10.     This Court is authorized to issue the preliminary and permanent injunction relief requested by CALVARY and SCHOOL under Federal Rule of Civil Procedure, 65.

11.     This Court is authorized to grant CALVARY's and SCHOOL's prayer for relief regarding costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendant Law Firm and Defendants Serrano and Guevarra are situated in this District, and all of the events or omissions giving rise to CALVARY's and SCHOOL's claims occurred in this District.

## PARTIES

### Plaintiffs

13.     Plaintiff, CALVARY Chapel of Thousand Oaks, Inc., is and was at all times relevant herein a Christian church organized as a California not-for-profit corporation headquartered in Thousand Oaks, California.

14.     Plaintiff, Family, Life, Faith and Freedom Educational Corporation, is and was at all times relevant herein wholly owned by CALVARY, operated as a spiritual arm of CALVARY, and organized as a California for-profit corporation headquartered in Thousand Oaks, California.

### Defendants

5

Complaint

15. Defendant, Lynda Serrano, is an individual who, at all times relevant herein, was a resident of Ventura, California.

16. Defendant, Mary Ellen Guevarra, is an individual who, at all times relevant herein, was a resident of Ventura, California.

17. Defendant, Epps, Yong & Coulson, LLP, is a limited liability partnership organized and authorized under and pursuant to the laws of California with the authority to sue and be sued. The Law Firm performed each and all of the acts alleged herein under the pretense of alleged violations by the SCHOOL of Section 12940(a) of the FEHA as to Defendants Serrano and Guevarra.

## FACTS COMMON TO ALL COUNTS FOR RELIEF

18. CALVARY is a non-profit Christian church and conducts religious and education programs under the name "Calvary Chapel".

19. CALVARY and its members have sincerely held beliefs that Jesus Christ commands them to proclaim the Gospel, make disciples, and provide private school instruction centered around Christian values and the Word of God. CALVARY and its members practice these beliefs by providing opportunities for worship, religious instruction, private school instruction, and other activities appropriate to spread the Gospel of Jesus Christ.

20. CALVARY is recognized by the IRS as a 501(c)(3) organization and is not a political organization but is a religious organization.

21. As part of its religious mission to spread the Gospel of Jesus Christ, CALVARY purchased, in 2009, the assets of the secular educational institution called H&M Learning Corporation. After the assets of H&M Learning Corporation were purchased, CALVARY

6

Complaint

formed a California for-profit corporation into which the purchased assets of H&M Learning Corporation were placed. That domestic California corporation was named Family, Life, Faith and Freedom Educational Corporation and does business as Little Oaks School.

22.   Since 2009, CALVARY has owned and operated SCHOOL as a private educational institution for the purpose of being a vehicle for CALVARY's mission to spread the Gospel of Jesus Christ. The Senior Pastor of CALVARY, Rob McCoy, is the Headmaster of SCHOOL.

23.   Teachers at the SCHOOL are asked to sign a Statement of Faith and obtain a Pastoral Reference Letter which serve to attest to each teacher's ability to be a "spiritual leader" in the classroom because teachers at the SCHOOL are expected to be able to perform their responsibilities consistent with timeless Christian principles in their methods consistent with the SCHOOL's Mission and philosophy which are based on Christian principles, in general, and CALVARY'S Christian articles of faith, in particular. Further, the Statement of Faith and Pastoral Reference Letter are required by the SCHOOL because the SCHOOL desires that each SCHOOL staff member, including teachers, are "called and gifted by the Lord."

24.   On October 1, 2012, Law Firm, on behalf of its clients Serrano and Guevarra, wrote a letter to CALVARY's Pastor and the SCHOOL's Headmaster, Pastor Rob McCoy, and SCHOOL Board Member, Denny Weinberg, alleging that the SCHOOL's requirement that Serrano and Guevarra obtain a Pastoral reference in order to continue their employment with SCHOOL amounted to unlawful discrimination on the basis of religion pursuant to California Government Code § 12940(a). (A true and correct copy of Law Firm's October 1, 2012 letter is attached hereto as Exhibit A.)

Complaint

25.     In its October 1 letter, Law Firm justified its allegation that the SCHOOL engaged in acts of unlawful discrimination on the basis of religion on the grounds that the SCHOOL is a for-profit California corporation and that because the SCHOOL is a for-profit California corporation the claims of the Law Firm's clients alleging unlawful discrimination on the basis of religion fall within the protections afforded by California Government Code § 12940(a). (Exhibit A, p. 2.)

26.     In its October 1, 2012 letter, Law Firm also claimed that their clients suffered damages in the form of loss of earnings and extreme emotional distress.  Then Law Firm demanded that SCHOOL pay Serrano and Guevarra each $150,000.00 as compensation for their financial loss and emotional distress agreeing to waive all claims against the SCHOOL if payment in full was received by October 15, 2012.

27.     On and after October 8, 2012, counsel for the Plaintiffs responded to Law Firm's demand represented by Exhibit A in writing on multiple occasions in which the SCHOOL's counsel provided Law Firm with the citations to controlling legal authority, including, but not limited to, Section 703(e)(2) of Title VII (the Civil Rights Act of 1964), Hosanna Tabor v. EEOC (2012) 565 U.S. _____, 132 S.Ct. 694, Corporation of Presiding Bishop v. Amos (1987) 43 U.S. 327 and Silo v. CHW Medical Foundation (2002) 27 Cal.4th 1097.  Law Firm has never once provided any legal authority opposing or rebutting the rulings of these Supreme Court decisions upholding the constitutionality of the statutory exemptions of Title VII (the Civil Rights Act of 1964) that protect religiously affiliated schools from the anti-employment discrimination provisions of state and federal law.  Law Firm has never once provided any legal authority establishing that a religious group such as the SCHOOL does not have the right to

8

Complaint

shape its own faith and mission through its appointments other than reference to California Government Code § 12940(a) notwithstanding that Defendant Serrano's and Defendant Guevarra's job duties reflected a required role in conveying the SCHOOL's and CALVARY's religious message and carrying out its mission.

28.    Plaintiffs are informed and believe, and on that basis allege, that the Defendants intend to file suit in California state court against one or both of the Plaintiffs alleging that Serrano and Guevarra were wrongfully terminated by the SCHOOL alleging that the SCHOOL's refusal to renew the contracts of Serrano and Guevarra, because both refused to obtain a Pastoral reference letter, amounts to engaging in acts of unlawful discrimination on the basis of religion.

29.    Section 12940(a) of the FEHA, facially and/or as applied, denies equal treatment to CALVARY and the SCHOOL.

30.    Section 12940(a) of the FEHA, facially and/or as applied, demonstrates hostility toward CALVARY's and the SCHOOL's freedom to express their religious beliefs.

31.    Section 12940(a) of the FEHA, facially and as applied, discriminates against CALVARY and the SCHOOL solely on the basis of corporate status.

32.    Section 12940 (a) of the FEHA, facially and/or as applied, has caused, and will continue to cause, CALVARY and SCHOOL to suffer actual and impending irreparable injury and damages.

33.    Defendant Law Firm knew, or should have known, that Section 12940(a) of the FEHA, both facially and/or as applied, is a blatant violation of CALVARY's and the SCHOOL's constitutional rights to freedom of religion.

9

Complaint

34.   CALVARY and SCHOOL have no adequate remedy at law to prevent Serrano, Guevarra and Law Firm from attempting to use California Government Code Section 12940(a) in an attempt to deprive CALVARY and SCHOOL of their most cherished constitutional liberties.

35.   CALVARY and the SCHOOL have suffered, and will continue to suffer, harm as a result of the Defendants' actions and continued threats of legal action, because those actions and impending actions caused CALVARY and the School to divert its resources and efforts from its mission of spreading the Gospel of Jesus Christ and in connection with its legal defense to bring this action in order to protect each Plaintiff's fundamental constitutional rights to choose employees based on religious affiliation.

COUNT I –

**VIOLATION OF THE FREE EXERCISE CLAUSE UNDER THE
FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

36.   CALVARY and SCHOOL hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 35.

37.   The United States Constitution is recognized to contain a fundamental right to the free exercise of religion in the First Amendment.

38.   The First Amendment's fundamental right to free exercise of religion, and the opinions of the United States Supreme Court interpreting it, recognize that the government has limited authority to restrict the ability of religious organizations in the manner in which those religious organizations conduct their internal governance.   Internal governance includes the power to decide for themselves, free from state interferences, who they can select to preach

10

Complaint

their values, teach their message, and interpret their doctrines, both to their own membership and to the world at large. Specifically, the courts have recognized exceptions to the anti-employment discrimination provisions, based on religious grounds, of numerous laws applicable to churches and other types of religious organizations on the grounds that requiring a religious organization to accept or retain employees that do not share the religious organization's faith values or doctrine represents interference with the internal governance of the religious organization.

39.    The First Amendment's fundamental right to free exercise of religion extends to religious educational organizations as well as churches.

40.    California Government Code § 12940(a) purports to prevent religious organizations that are employers, and that are not incorporated as not-for-profit California corporations, from terminating, or failing to retain, an employee that does not share that religious organization's faith values and doctrine. Specifically, Government Code § 12940(a) defines only California not-for-profit corporations as employers that may discriminate on religious grounds. This means that religious organizations, including churches that are not organized as a California not-for-profit corporation, may not discriminate on religious grounds.

41.    This level of government intrusion, which is able to be enforced by the public at large, is reprehensible and completely incompatible with constitutional free exercise rights established in the First Amendment. The restrictions imposed by Government Code § 12940(a) are overbroad in violation of the First Amendment.

42.    There is no compelling interest in Government Code § 12940(a) adequate to justify the statute's egregious violation of the free exercise clause of the First Amendment of

11

Complaint

the United States Constitution.

43.     Plaintiffs have no adequate remedy at law for this violation of their constitutional rights yet they have suffered, and will continue to suffer, irreparable harm as a result of the threatened loss of their constitutional rights.

44.     Plaintiffs are entitled to declaratory and injunctive relief, as well as attorneys' fees, litigation costs, and all other appropriate relief, to remedy the violation of fundamental religious rights.

## COUNT II –

## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

45.     CALVARY and SCHOOL hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 44.

46.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution protects CAVLARY's and SCHOOL's rights to equal protection under the law.

47.     Government Code § 12940(a), facially and/as applied, is an unconstitutional abridgment of CALVARY's and SCHOOL's affirmative right to equal protection, is not facially neutral, and specifically targets SCHOOL's internal governance concerning its employees, specifically teachers in the instant case, who have an employment responsibility of furthering the faith values, doctrine and religious mission of CALVARY.

48.     Government Code § 12940(a), facially and/or as applied, is an unconstitutional abridgement of SCHOOL's right of equal protection because the statute is treating SCHOOL differently from other similarly situated groups, solely on the basis of SCHOOL's corporate

12

Complaint

status, thereby depriving SCHOOL, as a religious organization, from exercising its religious rights under the First Amendment of the United States Constitution.

49.     Government Code § 12940(a), facially and/or as applied, is not supported by a compelling governmental interest sufficient to justify its enactment or enforcement against SCHOOL and CALVARY.

50.     Government Code § 12940(a), facially and/or as applied, is not the least restrictive means to accomplish any permissible government purpose sought to be served.

51.     Government Code § 12940(a) does not serve a significant governmental interest.

52.     Government Code § 12940(a), facially and/or as applied, imposes irrational and unjustifiable restrictions on constitutionally protected free exercise of religion.

53.     Government Code § 12940(a), facially and/or as applied, unconstitutionally abridges the right of CALVARY and SCHOOL to freely employ, retain, or terminate employees that have been designated to help CALVARY and SCHOOL spread the values and doctrine of their faith.

54.     Government Code § 12940(a), facially and/or as applied, unconstitutionally punishes CALVARY and SCHOOL for failing to hire and/or retain employees chosen by them to assist CALVARY and SCHOOL in spreading their faith values and doctrine.

55.     By attempting to enforce Government Code § 12940(a) against CALVARY and SCHOOL, Defendants have caused, and will continue to cause, CALVARY and SCHOOL to suffer undue and actual hardship and irreparable injury.

56.     CALVARY and SCHOOL have no adequate remedy at law to correct the continuing deprivations of their most cherished constitutional liberties.

13

Complaint

57.     As a direct and proximate result of the Defendants' attempted violations of CALVARY's and SCHOOL's constitutional rights, CALVARY and SCHOOL have suffered, and will continue to suffer, injury including, but not limited to, the loss of their individual and collective ability to exercise their constitutional rights.

## COUNT III –

## VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE
## FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

58.     CALVARY and SCHOOL hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 57.

59.     The Establishment Clause of the First Amendment, incorporated and made applicable to the states by the Fourteenth Amendment, prohibits government from establishing a religion.

60.     The Establishment Clause also prohibits excessive government entanglement with religion.

61.     The Establishment Clause also prohibits the government from showing hostility toward religion.

62.     Government Code § 12940(a), facially and/or as applied, permits the Plaintiffs, through private party enforcement of Section 12940(a) to review the nature and purpose of the organization or group attempting to hire, retain, and/or terminate employees that group wants for the purpose of spreading the group's faith values and doctrine and to restrict or ban any organization or group from discriminating on religious grounds regardless of whether or not the organization or group is, in fact, a religious organization.

14

Complaint

63.   Government Code § 12940(a), facially and/or as applied, permits the government to place undue and unreasonable restrictions on religious organizations for no reason other than how the religious organization has chosen to operate under state law even if such method is completely lawful.

64.   Government Code § 12940(a), facially and/or as applied, constitutes a violation of the Establishment Clause because it demonstrates hostility toward religious organizations that fail to govern themselves as a California not-for-profit corporation, lacks a valid secular purpose, has the primary effect of inhibiting religion, and creates excessive entanglement with religion in violation of the Establishment Clause.

65.   The Defendants, through their attempt to enforce Government Code § 12940(a), facially and/or as applied, have and will continue to cause CALVARY and SCHOOL to suffer undue and actual hardship and irreparable injury.

66.   CALVARY and SCHOOL have no adequate remedy at law to correct the continuing deprivations of their most cherished constitutional liberties.

67.   As a direct and proximate result of the Defendants' continuing violations of CAVLARY's and SCHOOL's rights, CALVARY and SCHOOL have suffered in the past and will continue to suffer in the future injury including, but not limited to, the loss of their individual and collective ability to exercise their constitutional rights without undue and unreasonable restrictions.

**COUNT IV –**

**VIOLATION OF THE FREE EXERCISE CLAUSE**

**OF THE CALIFORNIA CONSTITUTION**

15

Complaint

68.   CALVARY and SCHOOL hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 67.

69.   The California Constitution is recognized to contain a fundamental right to the free exercise of religion.

70.   The California Constitution's fundamental right to free exercise of religion, and the opinions of the California Supreme Court interpreting it, have recognized the settled rule of law of the existence of a constitutional right of religious organizations to choose their own employees, that religious organizations, and churches in their collective capacities, must have the power to decide for themselves, free from state interference, matters of church governance as well as those of faith and doctrine and that such right underlies the fact that the perpetuation of a church's existence may depend upon those whom it selects to preach its values, teach its message, and interpret its doctrines both to its own membership and to the world at large.

71.   The California Constitution's fundamental right to free exercise of religion extends to the church in its collective capacity including, but not limited to, religious educational institutions owned and operated by a church as a spiritual arm of a church.

72.   California Government Code § 12940(a) purports to prevent religious organizations that are employers, and that are not incorporated as not-for-profit California corporations, in terminating, or failing to retain, an employee that does share the religious organization's faith values and doctrine.   Specifically, only California not-for-profit corporations that are employers may discriminate on religious grounds.   This means that religious organizations, including churches, that are not organized as a California not-for-profit corporation may not discriminate on religious grounds.

16

Complaint

73.    This level of government intrusion, which is able to be enforced by the public at large, is reprehensible and completely incompatible with constitutional free exercise rights established in the California Constitution.

74.    There is no compelling interest in Government Code § 12940(a) adequate to justify the statutes' egregious violation of the Free Exercise Clause of the California Constitution.

75.    Plaintiffs have no adequate remedy at law for this facial violation of their constitutional rights yet they have suffered, and will continue to suffer, irreparable harm as a result of the threatened loss of their constitutional rights.

76.    Plaintiffs are entitled to declaratory and injunctive relief, as well as attorneys' fees, litigation costs and all other appropriate relief, to remedy the violation of fundamental religious rights.

**PRAYER FOR RELIEF**

WHEREFORE, CALVARY and SCHOOL pray for judgment as follows:

A.    That this Court issue a preliminary injunction enjoining Serrano, Guevarra, and Law Firm, together with any of their officers, agents, servants, representatives, employees, attorneys, and all other persons in active concert or participation with them,

(1)    from attempting to enforce California Government Code Section 12940(a) in a manner that obstructs CALVARY's and the SCHOOL's constitutional rights, and

(2)    from enforcing California Government Code Section 12940(a) in any manner that prevents CALVARY and SCHOOL from choosing, retaining

17

Complaint

or terminating their own employees based on religious affiliation.

B.    That this Court issue a permanent injunction granting the same relief requested in paragraphs A (1) and (2) above, and making that injunctive relief permanent.

C.    That this Court issue a declaratory judgment declaring invalid Section 12940(a) of the FEHA, to the extent that that section denies or limits in any way the United States constitutional and California constitutional rights of the Plaintiffs, or the statutory rights of the Plaintiffs pursuant to the Civil Rights Act of 1964; and declaring that Serrano, Guevarra and Law Firm, and their respective officers, agents, employees, servants, representatives, attorneys and other persons acting in active concert with them, attempted to use Section 12940(a) of the FEHA unlawfully in that such attempt obstructed CALVARY and the School from exercising CALVARY's and SCHOOL's constitutionally and statutory protected rights;

D.    That this Court award CALVARY and SCHOOL nominal damages;

E.    That this Court adjudge, decree and declare the rights, and other legal relations, with respect to the subject matter herein a controversy so that such declaration shall have the force and effect of a final judgment;

F.    That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's orders and judgments;

G.    That this Court award CALVARY and the SCHOOL the reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988; against Defendants Serrano and Guevarra and Defendant Law Firm; and

H.    That this Court award CALVARY and the SCHOOL the reasonable costs and expenses of this action, including attorneys' fees, pursuant to Federal Rules of Civil Procedure,

Complaint

11 against Defendant Law Firm; and

     I.     That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Dated: January 22, 2013          KAHDEMAN FROST

By: _____
             Richard J. Kahdeman
             Attorneys for Plaintiffs
             Family, Life, Faith and Freedom
             Educational Corporation; CALVARY Chapel
             of Thousand Oaks, Inc.

Complaint

# EXHIBIT A



EPPS
YONG &
COULSON, LLP
ATTORNEYS AT LAW

707 Wilshire Boulevard
Suite 3000
Los Angeles, California 90017
t 213.929.2390
f 213.929.2394
www.eyclaw.com

Writer's Direct Dial: 213.929.2393
Writer's Email: dcoulson@eyclaw.com

October 1, 2012

*CONFIDENTIAL AND PRIVILEGED SETTLEMENT COMMUNICATIONS*

<u>SENT VIA FEDERAL EXPRESS AND US MAIL</u>
Mr. Denny Weinberg
School Board Member
Little Oaks Private School
101 N. Skyline Drive
Thousand Oaks, California 91361

<u>SENT VIA FEDERAL EXPRESS AND US MAIL</u>
Pastor Rob McCoy
School Headmaster
Little Oaks Private School
101 N. Skyline Drive
Thousand Oaks, California 91361

    Re:   <u>Lynda Serrano and Mary Ellen Guevara, et al. v. Little Oaks</u>
          <u>Private School</u>

Dear Sirs:

    Please be advised that our law firm has been retained by Lynda Serrano and Mary Ellen Guevara (together, "Wrongfully Terminated Plaintiffs"), former employees of Little Oaks Private School ("Little Oaks"). Please direct any future communications regarding these former employees to our firm.

    The Wrongfully Terminated Plaintiffs were former pre-school teachers at Little Oaks. During performance reviews that occurred in or around early August 2012, Little Oaks informed the Wrongfully Terminated Plaintiffs that the school instituted a new requirement for employment and that they were required to submit a 'pastoral reference' in order to keep their jobs at Little Oaks. A copy of the Little Oaks pastoral reference form is enclosed for your reference.

    The Wrongfully Terminated Plaintiffs refused to return the pastoral reference to Little Oaks because they did not believe that they should be required to obtain a pastoral reference in

Mr. Denny Weinberg
Pastor Rob McCoy
October 1, 2012
Page 2

order to continue their employment with Little Oaks.  Consequently, Little Oaks terminated the Wrongfully Terminated Plaintiffs' employment effective August 24, 2012.

California's Fair Employment and Housing Act ("FEHA") prohibits an employer from engaging in acts of unlawful discrimination, including discrimination on the basis of religion. Govt. Code § 12940(a).  Although FEHA carves out certain exemptions for non-profit religious corporations, these exemptions do not apply to Little Oaks.

According to Little Oaks' Employee Handbook, Little Oaks is a business name for Family, Life, Faith and Freedom Education Corporation ("Family Life").  Family Life is a for-profit California Corporation.  For these reasons, the Wrongfully Terminated Plaintiffs' claims against Little Oaks fall within the protections afforded by FEHA.

By conditioning the Wrongfully Terminated Plaintiffs' employment on the submission of a 'pastoral reference,' Little Oaks discriminated against them on the basis of religion and in violation of their rights under FEHA.  As a result of these actions, the Wrongfully Terminated Plaintiffs have suffered damages, not the least of which is loss of earnings and extreme emotional distress.  They have asked that our firm assist them with their claims.

We are prepared to enforce their rights through litigation, if necessary.  The purpose of this letter is to afford Little Oaks the opportunity to resolve these issues short of litigation.  In order to informally resolve this dispute and compensate the Wrongfully Terminated Plaintiffs for their financial loss and emotional distress, we hereby demand that Little Oaks pay Ms. Serrano $150,000 and Ms. Guevara $150,000.  Each will agree that upon payment, the will waive such claims against Little Oaks.  However, if we do not receive such payment by October 15, 2012, we intend to proceed with formal legal action.

While we would hope that Little Oaks will see the wisdom of resolving these issues as proposed, we are prepared to move forward in enforcing the Wrongfully Terminated Plaintiffs' rights.  To that end, we further demand that you provide copies of all documents each of the Wrongfully Terminated Plaintiffs signed per Labor Code § 432, copies of payroll documents pertaining to each of the Wrongfully Terminated Plaintiffs pursuant to Labor Code § 226, and a copy of each of the Wrongfully Terminated Plaintiffs' complete personnel file pursuant to Labor Code § 1198.5 within twenty-one (21) calendar days of this request at the address located at the header of this letter.

Oct. 4. 2012  1:20PM   Little Oaks School                          No. 2933   P. 3

Mr. Denny Weinberg
Pastor Rob McCoy
October 1, 2012
Page 3

      Please feel free contact our firm if you wish to discuss this matter in greater detail.  We look forward to your prompt and timely response.

               Very truly yours,

               EPPS YONG & COULSON, LLP

               Dawn M. Coulson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 472 DMG (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **Western Division** | **Southern Division** | **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Richard J. Kahdeman, SBN 141731
Kahdeman Frost (A Name Assn of Ind Attorneys)
2945 Townsgate Rd., Suite 200
Westlake Village, CA 91361
Phone: (805) 421-4500
Fax: (805) 456-2901

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FAMILY, LIFE, FAITH AND FREEDOM
EDUCATIONAL CORPORATION
(see attached for full caption)

                                          v.

LYNDA SERRANO
(see attached for full caption)

CASE NUMBER

PLAINTIFF(S) **CV13-00472** DMG(JC(x)

SUMMONS

DEFENDANT(S).

TO:     DEFENDANT(S):  Lynda Serrano, an individual
                       Mary Ellen Guevarr, an individual
                       Epps, yong & Coulson, LLP, a California Limited Liability Partnership

     A lawsuit has been filed against you.

     Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Richard J. Kahdeman _____, whose address is 2945 Townsgate Road, Suite 200, Westlake Village, CA 91361 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                          Clerk, U.S. District Court

Dated: ___JAN 2 3 2013___           By: _____
                                              Deputy Clerk

                                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11                              SUMMONS

1  Richard J. Kahdeman, SBN 141731
   Kahdeman Frost
2  A Name Association of Independent Attorneys
   2945 Townsgate Road, Suite 200
3  Westlake Village, CA 91361
   Phone: (805) 421-4500
4  Fax: (805) 456-2901
   Rick.kahdeman@knflex.com
5  Attorneys for Plaintiffs

6

7                       UNITED STATES DISTRICT COURT

8                      CENTRAL DISTRICT OF CALIFORNIA

9                               WESTERN DIVISION

10

11  FAMILY, LIFE, FAITH AND FREEDOM )   Case No.:
    EDUCATIONAL CORPORATION,        )
12  D/B/A LITTLE OAKS SCHOOL, a     )   COMPLAINT FOR DECLARATORY,
    California For-Profit Corporation, and )   PRELIMINARY AND PERMANENT
13  CALVARY CHAPEL OF THOUSAND      )   INJUNCTIVE RELIEF:
    OAKS, INC., D/B/A CALVARY       )   1.  **Violation Of The Free Exercise Clause**
14  CHAPEL, a California Not-For Profit )       **Under The First Amendment To The**
    Corporation,                    )       **United States Constitution;**
15                                  )
                                    )   2.  **Violation Of The Equal Protection Clause**
16            Plaintiffs;           )       **Of The Fourteenth Amendment To The**
                                    )       **United States Constitution;**
17        vs.                       )
                                    )   3.  **Violation Of The Establishment Clause**
18  LYNDA SERRANO, an individual, and )       **Of The First Amendment To The United**
    MARY ELLEN GUEVARRA, an         )       **States Constitution;**
19  individual, and EPPS, YONG &    )
    COULSON, LLP, a California Limited )   4.  **Violation Of The Free Exercise Clause Of**
20  Liability Partnership,          )       **The California Constitution**
                                    )
21            Defendants.           )
                                    )
22  _____)

23

24        Plaintiffs, Family, Life, Faith and Freedom Educational Corporation ("SCHOOL"), and

25  Calvary Chapel of Thousand Oaks, Inc. ("CALVARY"), by and through their undersigned

26  counsel, bring this Complaint and respectfully request this Court to issue a Declaratory

27  Judgment and Preliminary and Permanent Injunctive Relief against Defendants Lynda Serrano

28

                                          1

Complaint

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>FAMILY, LIFE, FAITH AND FREEDOM EDUCATIONAL CORPORATION, etc., et al. | **DEFENDANTS**<br>LYNDA SERRANO, etc., et al. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Richard J. Kahdeman (SBN 141731)     Phone: (805) 421-4500<br>Kahdeman Frost (A Name Association of Independent Attorneys)<br>2945 Townsgate Rd., Suite 200, Westlake Village, CA 91361 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983. Claims for violation of the First & Fourteenth Amendment to the U.S. Constitution and Free Exercise Clause of the California Constitution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County/Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Declant D_____   Date _January 22, 2013_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |